UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-62103-CIV-SMITH/VALLE

HOWARD MICHAEL CAPLAN,

    Plaintiff,

v.

HOWARD MALLORY, *et al.*,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Plaintiff's Motion for Entry of Default Judgment and Application for Attorney's Fees, Costs, Expert Witness Fees, and Litigation Expenses (the "Motion"). (ECF No. 28). United States District Judge Rodney Smith has referred the Motion to the undersigned for a Report and Recommendation. *See* (ECF No. 30). The undersigned has reviewed the Motion, the record in the case, and is otherwise fully advised in the matter. For the reasons set forth below, the undersigned respectfully recommends that the Motion be **DENIED WITHOUT PREJUDICE**.

### I.    BACKGROUND

On August 21, 2019, Plaintiff filed the instant action against Defendants Howard's Auto Upholstery, Inc. ("Howard's Auto") and Howard Mallory ("Mallory") (together, "Defendants"),[1] alleging claims under Title III of the Americans with Disabilities Act (the "ADA"). *See generally* (ECF No. 1). On December 30, 2019, Plaintiff attempted to serve the Summons and Complaint on

---

[1] The action against Defendant Silleree Mallory was voluntarily dismissed without prejudice. *See* (ECF Nos. 22 and 23).

Defendant Mallory by serving "FRANZ [no last name indicated] as EMPLOYEE of Howard Mallory." (ECF No. 21). The Return of Service indicates that service was made upon Franz "after making two [unsuccessful] attempts during business hours" on August 28 and 29, 2019. *Id.* The Return of Service further indicates that service was "in compliance with [the] Federal Rules of Civil Procedure [and] Florida Statute 48.01." *Id.*

On the same date, Plaintiff attempted to serve the Summons and Complaint on Defendant Howard's Auto by serving "FRANZ DOE (refused to provide full name) as EMPLOYEE of Howard's Auto." (ECF No. 18 at 1). The Return of Service indicates that service upon Franz was made "after due diligence to locate the registered agent or any other officer . . . without success." *Id.* The Return of Service further indicates that service was "in compliance with [the] Federal Rules of Civil Procedure, Florida Statute 48.01 or other state statute as applicable." *Id.*

Defendants failed to timely answer or otherwise respond to the Complaint. Thereafter, on January 27, 2020, the Clerk of Court entered a Clerk's Default against Defendants. *See* (ECF Nos. 25, 26). The instant Motion followed pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 28). To date, Defendants have not defended against the action nor responded to the Motion.

## II.     LEGAL STANDARDS

### A.     Default Judgment Generally

Federal Rule of Civil Procedure 55 authorizes a court to enter a final judgment of default against a defendant that has failed to answer a properly served complaint. Fed. R. Civ. P. 55(b). Rule 55(b) sets forth a two-step process for obtaining a default judgment against a defendant. *Abreu v. Free Flow Constr., Inc.*, No. 18-20244-CIV, 2018 WL 6492902, at *1 (S.D. Fla. Oct. 11, 2018), *report and recommendation adopted*, No. 18-20244-CIV, 2018 WL 6492904 (S.D. Fla.

Oct. 30, 2018); Fed. R. Civ. P. 55.  First, the Clerk of Court may enter a Clerk's Default when a defendant fails to plead or otherwise defend a lawsuit.  *See* Fed. R. Civ. P. 55(a).  Thereafter, the court may enter a final default judgment against the defendant.  *See* Fed. R. Civ. P. 55(b).

A defendant who defaults "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."  *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[2]  A defaulting defendant, however, does not admit any facts that are pleaded insufficiently or that are mere conclusions of law.  *Transamerica Corp. v. Moniker Online Servs., LLC,* No. 09-60973, 2010 WL 1416979, at *1 (S.D. Fla. Apr. 7, 2010) (citing *Nishimatsu*, 515 F.2d at 1206).  Accordingly, because a defendant admits only those facts that are well pled, the default itself does not create the basis for a court's entry of final default judgment.  *Nishimatsu*, 515 F.2d at 1206.  Rather, a court must determine whether the factual allegations are well-pled and present a sufficient basis for the judgment.  *Id.*  Thus, a motion for default judgment "is not granted as a matter of right."  *Anda, Inc. v. Gramatan Pharmacy, Corp.*, No. 18-CV-62704, 2019 WL 5209318, at *1 (S.D. Fla. July 16, 2019) (quoting *Patray v. Nw. Pub., Inc*., 931 F. Supp. 865, 868 (S.D. Ga. 1996)).

In the Eleventh Circuit, "there is a strong policy [in favor] of determining cases on their merits" and defaults are disfavored.  *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).  Importantly, "when service of process is insufficient, the court has no power to render judgment and judgment is void."  *Id*. at 1299 (citing *Varnes v. Local 91, Glass Bottle Blowers Ass'n,* 674 F.2d 1365, 1368 (11th Cir. 1982)).  Indeed, courts have denied motions for default

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981.

judgment based on sua sponte determinations that service was insufficient. *See, e.g.*, *Lantieri v. Mastergas USA, Inc.*, No. 19-CV-60128, 2019 WL 5260251, at *2 (S.D. Fla. July 16, 2019) (determining whether service of process was properly effectuated while considering plaintiff's request for default judgment); *Thalassinos* v. *Adair*, No. 13-0187-WS-N, 2013 WL 2245138, at *3 (S.D. Ala. May 20, 2013) (same). An independent review of service is appropriate because "[s]ervice of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invests.*, 553 F.3d 1351, 1360 (11th Cir. 2008). "Thus, in determining whether to exercise its discretion to take the disfavored action of entering a default judgment against a party that has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties . . . . A court cannot obtain personal jurisdiction over a party without proper service of process." *Thalassinos*, 2013 WL 2245138, at *3 (quotes and citations omitted).

    **B.**    **Service Upon an Individual**

Federal Rule of Civil Procedure 4(e) governs service of process on individuals. It provides that an individual may be served in the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

4

Because Rule 4(e) permits service upon an individual pursuant to state law, the undersigned looks to Florida law to determine if service was proper. Here, Florida Statute § 48.031 applies because this is where the district court is located and where Plaintiff attempted service. In relevant part, § 48.031 provides:

> (1)(a) Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.
>
> (b) An employer, when contacted by an individual authorized to serve process, shall allow the authorized individual to serve an employee in a private area designated by the employer. An employer who fails to comply with this paragraph commits a noncriminal violation, punishable by a fine of up to $1,000.

Fla. Stat. § 48.031(1).

In addition, under Florida law, substitute service "may be made on an individual doing business as a sole proprietorship at his or her place of business, during regular business hours, by serving the person in charge of the business at the time of service if two attempts to serve the owner are made at the place of business." Fla. Stat. § 48.031(2)(b).

### C. Service Upon a Corporation

Federal Rule of Civil Procedure 4(h) governs service of process on corporations. Rule 4(h) provides that service upon a domestic or foreign corporation that has not waived service shall be effected:

> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Fed. R. Civ. P. 4(h)(1).

Further, service may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4(e)(1). Here, the Return of Service indicates "compliance with [the] Federal Rules of Civil Procedure, Florida Statute 48.081 or other statute as applicable." (ECF No. 18 at 1). Again, because Florida is where the district court is located and where Plaintiff asserts he effected service, the undersigned looks to Florida Statute § 48.081. In relevant part, § 48.081 provides that:

> (1) Process against any private corporation, domestic or foreign, may be served:
>
>> (a) On the president or vice president, or other head of the corporation;
>> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>> (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
>> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.
>
> (2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.

Alternatively, service can also be made on a designated agent under § 48.091. Fla. Stat. § 48.081(3).

### III.   DISCUSSION

Against this legal and factual backdrop, the undersigned must determine whether Plaintiff has properly served Defendants. As discussed more fully below, the undersigned concludes that service upon both Mallory and Howard Auto was improper.

#### A.   Plaintiff Failed to Properly Serve Defendant Mallory

Plaintiff has failed to demonstrate that service on Defendant Mallory was properly effectuated under Federal Rule of Civil Procedure 4(e)(2). Specifically, Defendant Mallory was not personally served with the Summons and Complaint; he was not served at his dwelling or usual

place of abode; and he was not served through an authorized agent for service of process.  Instead, the Return of Service indicates that Defendant Mallory was served "D/B/A" through "Franz," an otherwise unidentified "EMPLOYEE" at Mallory's place of business.  *See* (ECF No. 21).

Nevertheless, the undersigned next considers whether service on Defendant Mallory was proper under Rule 4(e)(1), which allows for service on an individual pursuant to state law.  As noted above, in Florida, service can be made by personally delivering the summons and complaint to defendant or leaving copies of the summons and complaint at defendant's usual place of abode with someone over 15 years of age or older.  Fla. Stat. § 48.031(1).  Florida law also permits substitute service by serving an individual who is *doing business as a sole proprietorship* at his place of business during regular business hours.  Fla. Stat. § 48.031(2)(b) (emphasis added).  Substitute service requires serving "the person in charge of the business at the time of service if two attempts to serve the owner are made at the place of business."  *Id*.

Here, however, none of the service requirements under Florida law are satisfied.  First, Defendant Mallory was not personally served.  Moreover, the Complaint and the Return of Service fail to specify whether Howard's Auto is a sole proprietorship.  *See, e.g.,* (ECF No. 12 ¶ 5) (alleging Mallory is a co-owner and lessor of the real property where Howard's Auto is located).  Lastly, the Return of Service does not indicate whether "Franz" was the person in charge of the business at the time of service, as required by § 48.031(2)(b) for proper substitute service.  Accordingly, Plaintiff has failed to demonstrate proper service of process upon Defendant Mallory.

### B.     Plaintiff Failed to Properly Serve Defendant Howard's Auto

"For service of process on an agent or employee of a corporation to be effective, the return of service must show the absence of the statutorily prescribed superior classes of persons who may be served."  *Garcia v. Airport Book & Video, Inc.*, No. 07-20210-CIV, 2007 WL 2446870, at *2

(S.D. Fla. Aug. 23, 2007) (citation and quotation omitted) (granting motion to set aside default judgment where service of process was improper).

Here, Plaintiff has not established that Franz is the registered agent for Defendant Howard's Auto.[3] Nor has Plaintiff established that Franz is "an officer, a managing or general agent, or any other agent" authorized to accept process for Defendant Howard's Auto under Rule 4(h). *See* Fed. R. Civ. P. 4(h). Similarly, there is no evidence that Franz is the president, vice president, other head of the corporation, cashier, treasurer, secretary, general manager, or an officer or business agent of Defendant Howard's Auto residing in Florida under § 48.081. Lastly, Plaintiff has not demonstrated proper service under § 48.091 (governing registered agents and registered offices). Under these circumstances, "Franz" may simply be an employee who lacks authority to receive service of process pursuant to the Federal Rules and Florida statutes.

Accordingly, the undersigned finds that Plaintiff has failed to demonstrate proper service of process on Defendant Howard's Auto.

In sum, the Court should deny Plaintiff's request for a default judgment against Defendants for failing to demonstrate proper service of process. Consequently, the Court should also deny Plaintiff's request for attorney's fees, costs, and expert fees.[4] *See* (ECF No. 28 at 6-17).

---

[3] According to Florida's corporate records, Howard's Auto's registered agent was Howard J. Mallory, Sr., http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=HOWARDSAUTOUPHOLSTERY%20P070000123790&aggregateId=domp-p07000012379-ad1d73b4-18f7-418c-b454-9210740835b1&searchTerm=howard's%20auto%20upholstery&listNameOrder=HOWARDSAUTOUPHOLSTERY%20P070000123790 (last visited October 22, 2020).

[4] Plaintiff requests approximately $12,000 in total fees and costs. (ECF No. 28 at 17).

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Entry of Final Default Judgment (ECF No. 28) be **DENIED WITHOUT PREJUDICE** for failure to properly serve Defendants.

Within **fourteen** (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on October 23, 2020.

                                                     ALICIA O. VALLE
                                                     UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Rodney Smith
      All Counsel of Record