UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-62013-CIV-SMITH/VALLE

HOWARD MICHAEL CAPLAN,

      Plaintiff,
vs.

HOWARD MALLORY, *ET AL.*,

      Defendants.
_____/

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

This matter is before the Court upon Magistrate Judge Valle's Report and Recommendation to District Judge ("R&R") [DE 31], in which she recommends denying Plaintiff's Motion for Entry of Default Judgment and Application for Attorney's Fees, Costs, Expert Witness Fees, and Litigation Expenses [DE 28] because Defendants were not properly served. Plaintiff filed Objections to Report and Recommendation ("Objections") [DE 32]. For the reasons set forth below, the R&R is adopted in part.

This case arises from Defendants' alleged failure to comply with Title III of the Americans with Disabilities Act. Plaintiff sued corporate Defendant, Howard's Auto Upholstery, Inc. ("Howard's") and individual Defendants, Howard Mallory ("Mallory") and Silleree Mallory. Silleree Mallory was later dismissed. After entry of Clerk's Defaults against Howard's and Mallory [DE 25 & 26], Plaintiff moved for entry of default judgment and an award of attorney's fees and costs. The Court referred the motion to Magistrate Judge Valle. Judge Valle's R&R concluded that neither Howard's nor Mallory were properly served and, therefore, recommended denial of the Motion for Entry of Default Judgment and Application for Attorney's Fees, Costs,

Expert Witness Fees, and Litigation Expenses.  Plaintiff objects to the findings as to both Defendants.

### *Service on Howard's*

Plaintiff maintains that Howard's was properly served under section 48.081(3)(a), Florida Statutes, which states:

> As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091.  However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent.  A person attempting to serve process pursuant to this paragraph may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is temporarily absent from his or her office.

Plaintiff maintains that because Howard's did not comply with section 48.091, Florida Statutes, it was proper to serve "Franz 'Doe,' (refused to provide full name) as employee of Howard's Auto Upholstery Inc.," as he was identified in the Return of Service.  *See* DE 18.  The Return of Service further states: "Service was completed on the named individual after due diligence to locate the registered agent or any other officer . . . without success."  *Id.*

Under Florida law, "[i]t is well established that for service of process on an agent or employee of a corporation to be effective, the return of service must show the absence of the statutorily prescribed superior classes of persons [who are listed in section 48.081(1)] who may be served."  *Saridis v. Vista St. Lucie Ass'n, Inc.*, 804 So. 2d 372, 373 (Fla. 4th DCA 2001) (affirming trail court order quashing service).  Here, the Return of Service indicates that Franz Doe was served only after due diligence to locate the registered agent or any other officer of Howard's without success.  Thus, service on Howard's complied with the statute, Plaintiff's objection is sustained, and the Court declines to adopt the portion of the R&R addressing service on Howard's.

*Service on Mallory*

Plaintiff contends that Mallory was properly served pursuant to section 48.031(2)(b), Florida Statutes.  Section 48.031(2)(b) states:

> Substituted service may be made on an individual doing business as a sole proprietorship at his or her place of business, during regular business hours, by serving the person in charge of the business at the time of service if two attempts to serve the owner are made at the place of business.

Fla. Stat. § 48.031(2)(b).  Plaintiff argues that Howard's was administratively dissolved for failure to file an annual report and thus, Howard's is actually a sole proprietorship.  The Return of Service on Mallory [DE 21] states that service was made on "FRANZ as EMPLOYEE of HOWARD MALLORY . . . This was completed after making two attempts during business hours . . .and on both attempts the named individual was not present."

Under Florida law, "[s]tatutes governing service of process should be strictly construed." *York Commc'ns, Inc. v. Furst Grp., Inc.*, 724 So. 2d 678, 679 (Fla. 4th DCA 1999).  Even assuming that Mallory is a sole proprietor,[1] nothing in the Return of Service indicates that Franz was in charge of the business at the time of service.  Thus, service on Mallory was not proper.  Consequently, this objection is overruled and the R&R is affirmed and adopted as to the service of Mallory.

Accordingly, it is

**ORDERED** that:

1. The Report and Recommendation to District Judge [DE 31] is **AFFIRMED AND ADOPTED in part:**

---

[1] Nothing in the Amended Complaint [DE 12] indicates that Mallory is being sued as the sole proprietor of Howard's.

    a. The R&R is **ADOPTED** as to the finding that Mallory was not properly served.

    b. The Court declines to adopt the R&R as to the finding that Howard's was not properly served.

  2. This matter is **REFERRED** to Magistrate Judge Valle for a Report and Recommendation on Plaintiff's Motion for Entry of Default Judgment and Application for Attorney's Fees, Costs, Expert Witness Fees, and Litigation Expenses [DE 28] as to Defendant Howard's Auto Upholstery, Inc.

 **DONE and ORDERED** in Fort Lauderdale, Florida, this 17th day of December, 2020.

            _____
            RODNEY SMITH
            UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record