UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-62103-CIV-SMITH/VALLE

HOWARD MICHAEL CAPLAN,

    Plaintiff,

v.

HOWARD MALLORY, *et al.*,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION TO DISTRICT JUDGE**

THIS MATTER is before the Court on Plaintiff's Motion for Entry of Default Judgment and Application for Attorney's Fees, Costs, Expert Witness Fees, and Litigation Expenses (the "Motion"). (ECF No. 28). United States District Judge Rodney Smith has referred the Motion to the undersigned for a Report and Recommendation. *See* (ECF Nos. 30, 33); *see also* 28 U.S.C. § 636. The undersigned has reviewed the Motion, the record in the case, and is otherwise fully advised in the matter. For the reasons set forth below, the undersigned respectfully recommends that the Motion be **GRANTED IN PART AND DENIED IN PART**.

### I.    BACKGROUND

On August 21, 2019, Plaintiff filed the instant action against defendant Howard's Auto Upholstery, Inc. ("Defendant")[1], alleging claims under Title III of the Americans with Disabilities Act (the "ADA"). *See generally* (ECF No. 1). On December 30, 2019 Plaintiff properly served the

---

[1] The Complaint against defendant Silleree Mallory was voluntarily dismissed without prejudice. *See* (ECF Nos. 22 and 23). In addition, the District Judge determined that defendant Howard Mallory was not properly served. *See* (ECF No. 33 at 3-4). Accordingly, the only remaining defendant in the action is Defendant Howard's Auto Upholstery, Inc.

Summons and Complaint on an employee of Defendant named "FRANZ [no last name indicated]". (ECF No. 6). Defendant failed to timely answer or otherwise respond to the Complaint. Thereafter, on January 27, 2020, the Clerk of Court entered a Clerk's Default against Defendant. *See* (ECF No. 25). Plaintiff then filed the instant Motion pursuant to Rule 55(b)(2). (ECF No. 28). To date, Defendant has not defended against the action or responded to the Motion.

## II.     LEGAL STANDARDS

### A.     Default Judgment Generally

A defendant who defaults "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

A defaulting defendant, however, does not admit any facts that are pleaded insufficiently or that are mere conclusions of law. *Transamerica Corp. v. Moniker Online Servs., LLC*, No. 09-60973, 2010 WL 1416979, at *1 (S.D. Fla. Apr. 7, 2010) (citing *Nishimatsu*, 515 F.2d at 1206). Because a defendant admits only those facts that are well pled, the default itself does not create the basis for a court's entry of final default judgment. *Nishimatsu*, 515 F.2d at 1206. Rather, a court must determine whether the factual allegations are well pled and present a sufficient basis for the judgment. *Id.* Accordingly, a motion for default judgment "is not granted as a matter of right." *Patray v. Nw. Pub., Inc.*, 931 F. Supp. 865, 868 (S.D. Ga. 1996).

### B.     Americans with Disabilities Act

Title III of the ADA mandates that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns,

leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The ADA defines "discrimination" to include "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. §12182(b)(2)(A)(iv). The ADA further requires that "[i]n the case of violations of section[] 12182(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by [law]." *Id.* § 12188(a)(2).

To prevail on a Title III ADA discrimination claim, a plaintiff must sufficiently demonstrate that: (i) he is a disabled individual; (ii) the defendant owns, leases, or operates a place of public accommodation; and (iii) the defendant discriminated against the plaintiff within the meaning of the ADA. *Haynes v. Kohl's Dep't Stores, Inc.*, 391 F. Supp. 3d 1128, 1133 (S.D. Fla. 2018) (quoting *Norkunas v. Seahorse NB, LLC*, 444 F. App'x 412, 416 (11th Cir. 2011)); *see also Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001) (setting forth analogous elements of claims against public entities under Title III of the ADA); *Poschman v. Coral Reef of Key Biscayne Devs., Inc.*, No. 17-CV-14363, 2018 WL 3387679, at *2 (S.D. Fla. May 22, 2018).

Moreover, to establish standing to seek injunctive relief in federal court, a plaintiff must prove that (i) he has suffered an "injury-in-fact;" (ii) there is "a causal connection" between the injury-in-fact and the challenged action of the defendant; and (iii) "the injury will [likely] be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citation omitted). However, "[b]ecause injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges . . . a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Shotz*, 256 F.3d at 1081 (quoting *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001)). Thus, a plaintiff

3

lacks standing to seek injunctive relief "unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." *Shotz*, 256 F.3d at 1081.

### III.   DISCUSSION

#### A.   Plaintiff Has Standing to Bring ADA Claim

Here, Plaintiff has established standing to bring an ADA claim. Plaintiff asserts that he "visited the Subject Facility [as defined in the Complaint], and has been denied full, safe, and equal access to the facility and therefore suffered an injury in fact." (ECF No. 1 ¶ 12). Plaintiff further alleges that he "shall suffer a future injury as [he] intends to return and enjoy the goods and/or services at the Subject Facility within the next six months." *Id.* ¶ 13. Moreover, Plaintiff alleges that "the Subject Facility is in close proximity to Plaintiff's residence and is in an area frequently travelled by Plaintiff." *Id.* Plaintiff also alleges that "Defendant's failure and refusal to provide people with disabilities with full and equal access to [the Subject Facility]" precludes Plaintiff from enjoying the goods and/or services and returning to the Subject Facility. *Id.* Accordingly, accepting the allegations as true, Plaintiff has sufficiently alleged injury in fact, causal connection, and future harm.

#### B.   Plaintiff Has Sufficiently Stated a Claim Under the ADA

Next, Plaintiff alleges that he suffers from a "qualified disability" under the ADA, which substantially limits Plaintiff's major life activities, including walking. (ECF No. 1 ¶ 3). Plaintiff further alleges that he "personally visited [Defendant] Howard's Auto Upholstery, but was denied full and equal access, and full and equal enjoyment of the facilities, services, good, and amenities within [the Defendant facility]." *Id.* Plaintiff then enumerates twelve architectural barriers at Defendant's parking facilities that allegedly violate the ADA. *Id.* ¶ 15. As a result of these barriers, Plaintiff alleges that he has "been denied the full, safe, and equal access to the facility and

therefore suffered injury in fact." *Id.* ¶ 12.  Plaintiff further alleges that he "shall suffer a future injury as [he] intends to return and enjoy the goods and/or services at the Subject Facility within the next six months." *Id.* at ¶ 13.

Accepting these allegations as true, Plaintiff sufficiently alleges an ADA Title III claim. The undersigned, therefore, recommends that Plaintiff's Motion for a default judgment be granted.

### C. Plaintiff's Request for Attorneys' Fees and Costs

Having determined that Plaintiff is entitled to a default judgment, the Court next considers Plaintiff's request for attorneys' fees and costs.  (ECF No. 28 at 6-17).  Specifically, a successful ADA plaintiff can recover "reasonable attorney's fees and costs," including litigation expenses. *See* 42 U.S.C. §§ 2000a-3(b), 12205 (providing "reasonable attorney's fee, including litigation expenses, and costs" to the prevailing party).  Section 12205's allowable litigation expenses are broader than the provisions of 28 U.S.C. § 1920, and it includes expenditures for items that are related to the advancement of the litigation. *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1354 (S.D. Fla. 2006) (quotation and citation omitted), *Caplan v. Vaval,* No. 18-CV-21880-RNS, ECF No. 14 at 5-6 (S.D. Fla. Feb. 28, 2019).  In the instant case, Plaintiff seeks $7,791 in attorneys' fees based on an hourly rate of $420 for attorney Ronald Stern and $350 for associate attorney Ronnette Gleizer, plus $900 based on $125 per hour for paralegals Ekaterina Tsimbal, Muminat Kerimova and Lola Tivodar. (ECF Nos. 28 at 8, 13, 17, 28-3 at 1-6).  Plaintiff also seeks $3,627.88 in costs and litigation expenses.  (ECF Nos. 28 at 17, 28-3 at 5-6).

In assessing the reasonableness of a request for attorneys' fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that

the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F.2d at 1299). The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428. Courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

    *1.     Reasonable Hourly Rates*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)). The relevant market is "the place where the case is filed." *ACLU*, 168 F.3d at 427 (quotations and citations omitted).

Here, the relevant legal community is South Florida. In determining reasonable hourly rates in the relevant legal market, the undersigned may also consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson*

factors")).² Additionally, the undersigned "'may consider [her] own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1303).

Plaintiff seeks attorneys' fees for 13.3 hours expended by attorney Stern (at $420/hr) and 6.3 hours expended by attorney Gleizer (at $350/hr). (ECF Nos. 28 at 12-13, 17, 28-3 at 1-5). According to the Florida Bar, attorney Stern has been practicing law for approximately 15 years. *See* https://www.floridabar.org/mybarprofile/10089 (last visited Feb. 26, 2021); *see also* (ECF No. 28 at 8). He is also admitted to practice before the U.S. District Courts for the Southern and Middle Districts of Florida, and the Western District of Texas. *See* (ECF No. 28 at 8). Attorney Gleizer has been practicing law for more than nine years. *See*https://www.floridabar.org/mybarprofile/87417 (last visited Feb. 26, 2021); *see also* (ECF No. 28 at 8.). Attorney Gleizer has been with the Advocacy Law Firm, PA for approximately six years. (ECF No. 28 at 8). Both attorneys Stern and Gleizer specialize in ADA litigation and have handled "literally hundreds of actions seeking to address ADA violations." *Id.* The Motion did not provide any information on background or experience of the three paralegals who worked on the case.

---

² In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981. Additionally, the *Johnson* factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 562 n.7 (1986).

According to Plaintiff, attorney Stern has been awarded $420 an hour by other courts in this District. (ECF No. 28 at 12-13). Plaintiff also asserts that Courts have approved $125 an hour for paralegals. *Id.* at 13 n.2. Finally, according to Plaintiff's Notice of Previously Awarded Fees, attorneys Stern and Gleizer have been awarded $420 and $350 an hour, respectively, by other courts in this District. *See, e.g., Caplan v. Stanton Dental Excellence, Inc., et al.*, No. 18-CV-61792, ECF No. 23 at 8 (S.D. Fla. August 9, 2019) (R&R finding $420 an hour for attorney Stern reasonable); *Caplan v. Mattress Firm, Inc.*, No. 19-CV-81561, ECF No. 64 (S.D. Fla. Dec. 7, 2020) (awarding attorney Stern's $420 an hour, attorney Gleizer's $350 an hour, and paralegals $115 an hour); *Barberi v. Gascom, Inc.*, No. 19-CV-62016, ECF No. 58 at 5-6 (S.D. Fla. June 25, 2020) (R&R determining that an hourly rate of $410 for attorney Stern, $325 for attorney Gleizer, and $95 for paralegals was reasonable); *Caplan v. Rehabclinics (PTA) Inc.*, No. 19-CV-62890, ECF No. 52 at 5-6 (S.D. Fla. July 13, 2020) (approving $420 hourly rate for attorney Stern and $325 for attorney Gleizer and reducing hourly rate for paralegals to $95); *Barberi v. D'Capri Furniture Sales, Inc., et al.*, No. 17-CV-20430, ECF No. 86 at 5 (S.D. Fla. Sep. 8, 2020) (approving requested rates of $420 for attorney Stern, $295 for attorney Gleizer, and $125 for paralegals).

The undersigned has considered the relevant *Johnson* factors, the time records submitted by counsel, and the overall record in this case. *See generally* (ECF No. 28). Accordingly, based on this review and the Court's own judgment and experience, the undersigned finds that $420 and $325 are reasonable hourly rates for the attorneys Stern and Gleizer.

On the other hand, the undersigned concludes that Plaintiff's request to recover fees for work performed by various paralegals should be denied. "A court may award fees for the work of paralegals, but only to the extent they perform work traditionally done by an attorney." *Hansen*,

420 F. Supp. 2d at 1353 (quotation marks and citations omitted).  However, "work that is clerical or secretarial in nature is not separately recoverable."  *Id.*  Here, the time records reveal that paralegals spent time "filing," "mailing," making phone calls, sending emails and "communications" without further clarifications on content. (ECF No. 28-3 at 1-6).  At a glance, these tasks appear to be clerical rather than "work traditionally done by an attorney."  The time entries also lack sufficient detail to evaluate whether, in fact, these fees would be recoverable as work done by an attorney.  Consequently, the undersigned need not decide whether the hourly fee request for the paralegals is reasonable.

    2.    *Reasonable Hours Expended*

Having determined the reasonable hourly rates in this case, the undersigned next addresses the reasonableness of the hours expended by counsel working on the case.  As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel."  *Norman,* 836 F.2d at 1301 (quotation marks and citations omitted).  Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them."  *ACLU*, 168 F.3d at 428.  The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the action.  *Id.* at 427, 432-33.  In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court."  *Norman*, 836 F. 2d at 1301.

The undersigned has reviewed counsel's billing records. *See* (ECF No. 28-3). Plaintiff requests fees for a total of 26.8 hours for work done between attorneys Stern and Gleizer and the three paralegals. *Id.* at 5. As noted above, the time incurred by the paralegals (7.2 hours) should be excluded. (ECF Nos. 28 at 17, 28-3 at 1-5). Nonetheless, the hours billed by attorneys Stern and Gleizer are reasonable. Accordingly, Plaintiff should be awarded attorneys' fees for 19.6 hours of time spent by attorneys Stern and Gleizer on this matter.

Accordingly, Plaintiff should be awarded $7,633.50 in attorney's fees ($420 x 13.3 hours for attorney Stern plus $325 x 6.3 hours for attorney Gleizer).

### 3. *Expert Fees and Costs*

In addition to attorneys' fees, Plaintiff also seeks to recover $3,627.88 in costs and litigation expenses. (ECF Nos. 28 at 17, 28-3 at 6). In relevant part, "[a] prevailing ADA plaintiff may recover expert fees as a litigation expense." *Hansel*, 420 F. Supp. 2d at 1353. Although Plaintiff's request for expert fees and costs lacks detail, the billing records list an "expert flat fee" of $2,500 and a $500 "re-inspection flat fee." (ECF No. 28-3 at 5). In addition, Plaintiff attached a copy of the expert's report, and a statement of the expert Jon Kronillis pursuant to 28 U.S.C. § 1746. (ECF No. 28-2). Notably, none of the documents specify the hours spent to complete the expert's inspection or his initial report of May 10, 2019, or provide any further information on the reinspection as billed. *Id.; see also Caplan v. Vaval*, ECF No. 14 at 5-6 (reducing the expert's fee due to lack of detail). There is also no indication that a reinspection of the property has occurred or any details on when and under what circumstances it will occur. *See also Caplan v. Vaval*, ECF No. 14 at 5-6. Although some courts presented with similar situations have denied expert fees altogether or reduced the fees by a percentage, the undersigned finds the reasoning in *Caplan v. Vaval* persuasive. *Compare Kennedy v. Fountains of Boynton Assocs., Ltd.*, No. 16-81902-CIV-

MARRA/MATTHEWMAN, 2017 WL 5957662, at *5 (S.D. Fla. Nov. 6, 2017), *report and recommendation approved*, 2017 WL 5956871 (S.D. Fla. Nov. 29, 2017) (denying request for expert fees because plaintiff provided no detail regarding any of the services provided, time spent on any task, the expert's rates, the nature of the work, the date the work was completed, or anything other than the total charge); *Houston*, 2013 WL 3874026, at *3 (reducing expert fee and reinspection fee by 25% because, although plaintiff provided an exhibit detailing tasks performed for total hours, plaintiff did not specify the time spent on individual tasks or indicate whether other courts found similar prices reasonable) *with Caplan v. Vaval,* ECF No. 14 at 6 (granting plaintiff a reduced expert flat fee of $1,500).

Here, rather than rejecting outright Plaintiff's request for reimbursement of expert fees, the undersigned recommends that the Court grant Plaintiff $1,500. This is consistent with the amount that other Court's in this District have found to be a reasonable flat rate for an expert in a similar case. *See, e.g.*, *Caplan v. Stanton*, ECF No. 23 at 11, *Caplan v. Vaval* ECF No. 14 at 6; *Gomez v. Lola's Gourmet LLC*, No. 18-CV-22929, ECF No. 17 (S.D. Fla. Nov. 13, 2018) (holding that a $1,500 expert fee for retention and subsequent review for compliance was reasonable in an ADA case).

Lastly, Plaintiff seeks an award of $3,627.88 in costs, including filing fees ($400) and service fees of $35 for each of the following: (i) service of the Complaint on Howard Mallory d/b/a Howard's Auto Upholstery; (ii) service of the Clerk's Default on Defendant; (iii) service of the Amended Complaint on Defendant; (iv) attempted service of the Complaint on Silleree Mallory; and (v) attempted Service of the Clerk's Default on Howard Mallory. Plaintiff also seeks to recover PACER/printing/postage fees ($52.88). (ECF No. 28-3 at 5-6). These costs are recoverable under 28 U.S.C. § 1920 and are also generally reasonable costs in the "advancement

of litigation" under § 12205. However, because the action was voluntarily dismissed against Silleree Mallory, and service was improper as to Howard Mallory, the undersigned recommends deducting these costs and reducing the award of costs for service by $70.

In sum, Plaintiff should be awarded $2,057.88 in expert fees, costs, and litigation expenses ($1,500 + $400 + $105+ $52.88 = $2,057.88).

## IV.    RECOMMENDATION

Accordingly, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Entry of Final Default Judgment Against Defendant (ECF No. 28) be **GRANTED IN PART**. Specifically, the Court should: (i) enter a Final Default Judgment against Defendant; (ii) award Plaintiff $7,633.50 in fees; and (iii) award Plaintiff $2,057.88 in costs.

Within **seven (7) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 11th Cir. R. 3-1 (2020); *Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on February 26, 2021.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:   U.S. District Judge Rodney Smith
      All Counsel of Record